UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

CHRISTINE M. GILROY,　　　　　　　　　Case No. 17-20100-dob
　　　　Debtor.　　　　　　　　　　　　　Chapter 7 Proceeding
　　　　　　　　　　　　　　　　　　　　Hon. Daniel S. Opperman
_____/

OPINION SUSTAINING DEBTOR'S OBJECTION
TO CLAIM NUMBER 3 OF JEANNA PATTERSON

Jeanna Patterson filed a Proof of Claim in this Chapter 7 proceeding in the amount of $75,000 and attached a Promissory Note and Security Agreement signed by the Debtor on behalf of Mid-Michigan Equestrian Center, Inc. ("Mid-Michigan"). In the Promissory Note, Mid-Michigan is identified as the Borrower and Ms. Patterson is identified as the Lender. Since the Court concludes that the Debtor did not sign this Promissory Note in her individual capacity and there is insufficient evidence to indicate that she guaranteed or otherwise promised to pay Ms. Patterson, the Court sustains the objection of the Debtor to Ms. Patterson's claim.

Findings of Fact

The Debtor formed Mid-Michigan as a non-profit organization operating in northern Michigan and providing therapy service to individuals. The Debtor's daughter was involved in a catastrophic automobile accident and suffered injuries, which the Debtor believes are alleviated by therapy involving horses. For some time, the therapy services provided by Mid-Michigan were compensated by Citizens Insurance Company of America ("Citizens") as part of an automobile insurance policy issued by Citizens that covered attendant care and other benefits as a result of the Debtor's daughter's accident. Citizens discontinued these payments and the Debtor and Mid-Michigan sued Citizens in the Kalkaska County Circuit Court. This action was styled as: *Christine*

1

*O'Connell, as guardian for Katherine Gilroy and Mid-Michigan Equestrian Center, Inc., d/b/a Charity Hill Ranch v. Citizens Insurance Company of America.*[1]

Because Citizens was not paying for services, Mid-Michigan began to have financial difficulties. Jeanna Patterson, one of the parents of a patient of Mid-Michigan, agreed to lend monies to keep Mid-Michigan afloat. To that end, a Promissory Note and Security Agreement dated January 20, 2014, was signed by the Debtor on behalf of Mid-Michigan. Mid-Michigan is identified as the Borrower and Jeanna Patterson as the Lender and the principal amount was originally $22,000, which later was increased to $80,000 and subsequently reduced to $75,000 as of the Proof of Claim date. The Debtor did not sign this Promissory Note in her individual capacity and there is no direct language indicating that the Debtor, as an individual, agreed to act as a guarantor, surety, or obligor of Mid-Michigan's debt to Ms. Patterson.

The Promissory Note did not have any specific repayment terms other than to condition payment on receipt of payment from the Kalkaska County Circuit Court action. In particular, the Promissory Note stated:

> 1.1 <u>Payment</u>. Borrower will pay this loan in accordance with the following terms:
>
> The principal of and interest on this Note shall be paid within thirty (30) days after Borrower's receipt of proceeds from the resolution of a civil action currently pending in the Circuit Court for Kalkaska County, *Gilroy et al v. Citizens Ins Co of America*, Case No. 13-011528-NF (hereinafter, the "Insurance Action"), in an amount sufficient to repay the accumulated principal and interest in full. The parties understand and agree that the funds loaned to Borrower and which are the subject of this Note were advanced for the purpose of partially replacing certain guaranteed monthly payments that are the subject of the Insurance Action. Lender understands and agrees that she is to be repaid once the funds/monthly payments that are the subject of the Insurance Action are restored or otherwise recovered in an amount sufficient to repay Lender, and the Insurance Action is finally resolved (including

---

[1] During most of the relevant time period, the Debtor's name was Christine O'Connell. The Debtor's current name is Christine M. Gilroy.

through any appeals that may stay the payment of any funds to Borrower, or otherwise interfere with Borrower's ability to execute upon any judgment entered in the Insurance Action). The parties understand and agree that in the event the Insurance Action is resolved without Borrower's recovery or receipt of sufficient funds to fully repay the accumulated principal and interest under this Note, the parties shall, within sixty (60) days after the final resolution of the Insurance Action and any related appeals, negotiate in good faith whatever repayment terms may be mutually acceptable to the parties.

The Kalkaska County Circuit Court action was ultimately settled as the result of a facilitation at which Ms. Patterson was present as a representative of Mid-Michigan. Mid-Michigan did not receive monies from this settlement.

After the Kalkaska County Circuit Court action was settled, Ms. Patterson took appropriate actions to try to collect the monies owed to her. Although some money was paid by Mid-Michigan, $75,000 still remains owed. Both Mid-Michigan and the Debtor filed petitions with the appropriate Bankruptcy Courts. Mid-Michigan filed a Chapter 11 petition in the Western District of Michigan, which was ultimately dismissed prior to confirmation. Ms. Gilroy's Chapter 13 proceeding was ultimately converted to Chapter 7.

The Debtor objected to the Proof of Claim of Ms. Patterson, claiming that she did not owe the money to Ms. Patterson because she did not sign the Promissory Note in her individual capacity. Ms. Patterson replies to this objection by pointing to the language in the Promissory Note that called for payments once proceeds were received from the Kalkaska County Circuit Court action and further arguing that the Debtor received the lion's share of those proceeds.

This Court held a preliminary hearing regarding the Debtor's objection on May 25, 2017, and held a final hearing on July 13, 2017. Between the hearing dates, the Debtor received her discharge and her attorney did not appear on July 13, 2017. The parties elected to proceed with arguments and presentment of documents and both parties agreed that the Court could make a determination from the information available to it at the conclusion of the July 13, 2017, hearing.

3

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (B) (allowance or disallowance of claims against the estate).

## Applicable Authority

M.C.L.A. § 566.132 requires a writing for certain agreements, contracts and promises:

**566.132. Agreements, contracts, or promises for which signed writing required; enforcement**

(1) In the following cases an agreement, contract, or promise is void unless that agreement, contract, or promise, or a note or memorandum of the agreement, contract, or promise is in writing and signed with an authorized signature by the party to be charged with the agreement, contract, or promise:
 ****

 (b) A special promise to answer for the debt, default, or misdoings of another person.

Generally speaking, "'an intent differing from the plain terms of the contract cannot be read into it'". *Hank v. Lamb*, 310 Mich. 81, 88, 16 N.W.2d 671 (1944) (quoting *Edison Sault Electric Co. v. Manistique Pulp & Paper Co.*, 278 Mich. 592, 596, 270 N.W. 799 (1937)).

Verbal statements collateral to and preceding a written agreement, are void under the statute of frauds and are "not to be considered as any part of the agreement of the parties." *Wiseman v. United Dairies, Inc.*, 324 Mich. 473, 490, 37 N.W.2d 174 (1949) (holding that a verbal undertaking of liability by one entity on behalf of another was superseded by the written agreement and void under the statute of frauds).

## Analysis

The Debtor did not sign the Promissory Note as an individual, but only as an officer of Mid-Michigan. Accordingly, Ms. Patterson is unable to supply the necessary signed document as required by M.C.L.A. § 566.132. Lacking such a document, Ms. Patterson argues that the Debtor implicitly promised to pay her back as evidenced by the language in paragraph 1.1, which requires payment to Ms. Patterson after the Borrower receives proceeds from the Kalkaska County Circuit Court action. Per Ms. Patterson, since the Debtor received the lion's share of these proceeds, it is the Debtor, not the Borrower, Mid-Michigan, that should pay her.

After careful consideration, however, Ms. Patterson's arguments are not convincing. First, Mid-Michigan was a party to the Kalkaska County Circuit Court action and was identified as the Borrower in the Promissory Note. Additional language could have been included that required the Debtor, as well as Mid-Michigan to repay Ms. Patterson. For example, the paragraph could have read "The principal of an interest on this note shall be paid within 30 days after the parties receive the receipt of proceeds from the resolution of a civil action currently pending in the Circuit Court for Kalkaska County". Alternatively, the Debtor could have been identified as an additional borrower or identified as the source of the proceeds that would be paid to Mid-Michigan, and in turn, paid to Ms. Patterson.

Also, Ms. Patterson was involved in the facilitation process and knew where proceeds were directed as part of the settlement of the Kalkaska County Circuit Court action. Shortly thereafter, as stated by counsel for Ms. Patterson, she had the Debtor removed as an officer of Mid-Michigan and became more involved in the day-to-day operations of Mid-Michigan.

Even giving full weight to Ms. Patterson's argument that she relied upon statements of the Debtor to lend the monies to Mid-Michigan, there is no written evidence to that effect in the record. Moreover, the Debtor disputes that she made the statements attributed to her as claimed by Ms.

Patterson. With this record, the Court is unable to find the necessary facts supporting Ms. Patterson's claim that the Debtor should be held responsible for payments of the remaining amounts owed to Ms. Patterson by Mid-Michigan.

For these reasons, the Court sustains the Debtor's Objection to Claim Number 3 of Jeanna Patterson and disallows Jeanna Patterson's Claim Number 3 in this Chapter 7 proceeding.

**Signed on August 02, 2017**

/s/ Daniel S. Opperman
**Daniel S. Opperman
United States Bankruptcy Judge**